Randall B. Bateman (USB (06482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiff, Sharon Rose Vanygriff Christenson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| SHARON ROSE VANDYGRIFF CHRISTENSON, an individual, ) ) ) | |
| Plaintiff, ) | Civil Action No. 1:26-cv-111 |
| v. ) ) | **COMPLAINT AND** |
| CACHE COFFEE ROASTING COMPANY, ) LLC, a Utah limited liability Company; JAMIE ) BUTTARS, an individual, and DOES 1-5. ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) | |

Plaintiff, Sharon Rose Vanygriff Christenson ("Christenson" or "Plaintiff"), brings this suit

against Cache Coffee Roasting Company, LLC. ("Cache Coffee") and Does 1-35 (collectively

"Defendants"), and alleges as follows:

### PARTIES

1.      Plaintiff is an individual residing in Idaho.

2.      On information and belief, Cache Coffee is a Utah limited liability company having its

principles pace of business at 970 S. HWY 89-91 STE 130, Logan, Utah 84321.

3.      On information and belief, Jamie Butters is an individual residing in Logan, Utah.

1

4.    Does 1-5, on information and belief, are owners and employees of Cache Coffee who have copied copyrighted content of Plaintiff and used said content without permission of Plaintiff.

## JURISDICTION AND VENUE

5.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202-1203.

6.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for copyright infringement.

7.    This Court has personal jurisdiction over Cache Coffee because Cache Coffee has a principal place of business in Logan, Utah and because most of the facts alleged herein occurred in this district.

8.    This Court has personal jurisdiction over Jamie Buttars because he resides in this district and because most of the facts alleged herein occurred in this district.

9.    Does 1-5 are believed to be residents of this district and most of the facts alleged herein occurred in this district.

10.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because, on information and belief, all of the defendants reside in this district and the facts alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

11.    Christenson is a professional photographer.

12.    On or about October 16, 2026, Christenson attended the No Kings rally in Logan Utah.

2

13.     At the rally, Christenson took a photograph of a person holding a sign stating, "I Love My Coffee Fascism Free."  A copy of the photograph is attached hereto.

14.     The photograph was first published on October 24, 2025.

15.     On or about November 14, 2025, Christensen filed for copyright protection with the United States Copyright Office.

16.     Christenson is the owner of U.S. Copyright Registration No. VA 2-485-354, which has an effective registration date within 3 months of the date of first publication.  A copy of the registration certificate is attached hereto as Exhibit B.

17.     After the photograph was posted on social media, Defendants uploaded the image to their Facebook page with the man in the image scribbled over.  A copy of the image is attached hereto as Exhibit C.

18.     Christenson filed a takedown request with Facebook and the image was removed.

19.     Despite having the image removed from Facebook, Defendants decided to continue using the image.

20.     Defendants created a label for their coffee products which uses a cartooned version of the photograph and have been commercially using the image since 2025.  The same image was also used on cups at Defendants' restaurant.  Exhibit D.

21.     Defendants were specifically warned that the image was copyrighted and that they needed permission to use it.  Exhibit E.

22.     On information and belief, Defendants have been using the image to sell coffee since the content was removed from Facebook.

23.     Christenson is entitled to statutory damages in an amount up to $30,000 for the infringements of one or more defendants in an amount to be determined by the Court.

24. Defendants' continued use of Christensen's photograph without permission constitutes willful copyright infringement.

25. Christenson is entitled to heightened statutory damages up to $150,000 for the willful infringement of Christenson's copyright.

26. Christenson is entitled to attorney's fees for the infringement of the copyrighted work.

## COUNT I -
### (COPYRIGHT INFRINGEMENT)

27. Christenson and realleges every allegation contained in Paragraphs 1- 25 as if fully set forth herein.

28. Christenson is the owner of a valid copyright registration covering the photograph shown in Exhibit A.

29. Without authorization, consent, permission, license, and/or compensation, Defendants unlawfully reproduced the copyrighted work and created derivative works of the photographs in violation of at least 17 U.S.C. §§ 106(1, 2 and 5), and 17 U.S.C. § 501, and thereby infringed Christenson's copyrights.

30. Defendants continued using the derivative works of the photograph even after Facebook removed its post of the photograph for violating Facebooks copyright standards.

31. Christensen is informed and believes, and on that basis alleges, that Defendants' infringements were willful, intentional, and/or reckless. Defendants never obtained permission from Christenson to copy Christenson's copyrighted work or to make derivative works and has continued infringing Christenson's copyright work for more than six months.

32. Christenson is entitled to recover actual damages suffered by it as a result of Defendants' infringement and profits of the Defendants attributable to Defendants' infringement pursuant to 17 U.S.C. § 504(b).

**33.** Christenson is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c)(1), and for heightened damages pursuant to 17 U.S.C. § 504(c)(2).

**34.** Christenson is entitled to an award of its costs incurred to enforce her copyright, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**35.** Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Christenson unless enjoined by this Court. Christenson has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Christenson is entitled to a permanent injunction prohibiting infringement of Christenson's exclusive rights under copyright law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38, Christenson hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREAS Christenson prays for relief as follows:

1. For an award to Christenson, pursuant to 17 U.S.C. § 504 of either (1) the actual damages suffered by Christenson with respect to past infringement, plus any additional profits of Defendants that are attributable to the infringement that are not taken into account in computing actual damages to be proven at trial; or (2) statutory damages as provided by Section 504(c) in an amount of $30,000 or as otherwise determined by the Court;

2. For a finding that the infringement by Defendants was willful, and for an award to Christenson, at its election, of statutory damages against Defendants for willfully committing infringement as provided by 17 U.S.C. § 504 in the amount of $150,000 or as otherwise determined by the Court;

3. For an order that Defendants account for all sales, revenues, costs, and profits from their wrongful conduct and unauthorized use of Christenson's copyrights, and that Defendants pay Christenson damages in an amount to be proven at trial, but including Defendants' profits and actual damages suffered by Christenson as a result of Defendants' wrongful acts;

4. For an order pursuant to 17 U.S.C. § 502 permanently enjoining Defendants and their agents, servants, employees, and all other persons who are in active concert or participation with any of the aforementioned from publishing Christenson's copyrighted images or any other work derivative of Christenson's copyrighted work;

5.  For an award to Christenson of actual damages and any profits of Defendants not taken into account during the computation of actual damages for Defendants removing Christenson's copyright management information from Christenson's work;

6. For an award of Christenson's attorneys' fees, expenses, and costs, pursuant to 17 U.S.C. § 505;

7. For an award to Christenson of pre- and post-judgment interest; and

8. For an award to Christenson of such other and further relief as the Court deems just and proper.

Dated this 13th day of July 2026

BATEMAN IP

/s/Randall B. Bateman
Randall B. Bateman

*Attorney for Plaintiff, Sharon Rose Vanygriff Christenson*
